## JAMES MALONE, ETC., *v.* C. H. BARRELL, ETC.

**Descent and Distribution—Heirs Privies to Contract of Decedent.**
> Heirs occupy the relation of privies to the contract of their father, and can not hold on to the estate received from him and repudiate his warranty by claiming through their mother.

APPEAL FROM BULLITT CIRCUIT COURT.

February 23, 1873.

OPINION BY JUDGE LINDSAY:

Section 18, chap. 80, R. S., which is a substantial re-enactment of the act of 1798, provides that if the deed of a "grantor warrants the estate purporting to be conveyed against himself and his heirs, and any estate, real or personal, shall descend to the claimant, or come to him by devise or distribution on the side of the grantor, then he shall be barred for the value of the estate that shall so descend or come to him by descent, devise or distribution." (Ky. Stats., Sec. 2352.)

In the deeds conveying the lands in controversy the ancestor of appellants covenanted that he and his heirs would warrant and

defend the title conveyed against the claims of every person claiming under him or them, and, further, that in case it should be lost by a superior title, then that he and his heirs would refund the purchase price without interest.

The appellants received a large estate from their ancestor. They held it subject to the payment of any claims arising by reason of a breach of this warranty. They occupy the relation of privies to the contract of their father, and cannot hold onto the estate received from him and repudiate his warranty by claiming under and through their mother.

The covenantor could not claim against his warranty, and neither can his heirs. The grantor warranted the estate conveyed against himself and those claiming under him. These appellants claimed under him to the extent of the estate of which he died seized. They are embraced by the terms of the statute, and by the condition of the warranty.

The contract to refund the purchase money with interest was confined to the contingency of a recovery by a stranger to the grantor and cannot be taken advantage of by his heirs.

Judgment *affirmed*.

*A. H. Field, for appellants.*

*R. H. Field, for appellees.*